**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| _____ ) | |
| DEBORAH LAUFER, Individually, ) | |
| ) | |
| *Plaintiff*, ) | Case No.:  1:20-cv-01971-CCB |
| v. ) | |
| ) | |
| SHRI SUDHA DEVI LLC, A Maryland ) | |
| Corporation, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The Defendant, Shri Sudha Devi, LLC (hereafter "Hotel"), by and through its undersigned counsel, hereby files this Memorandum of Law in Support of Defendant's Motion to Dismiss, and in support thereof states as follows:

### I.       Summary of Argument

The Hotel submits that Plaintiff Deborah Laufer's ("Laufer" or "Plaintiff") complaint must be dismissed for either one of two reasons.

First, Laufer lacks standing to sue Hotel because she has failed to allege that she has suffered, or will suffer in the immediate future, an "injury in fact" sufficient to state a claim under the American with Disabilities Act, 42 U.S.C. §12181 *et. seq*. ("the ADA").  All that Laufer has alleged is that she is an ADA tester who has visited websites maintained by third parties travel agencies that fail to adequately describe Hotel's ADA-compliance features.  She has not alleged any plausible fact that distinguishes her from non-handicapped persons.  Nor has she alleged that she ever intended, or intends, to visit Hotel's premises.

Second, Laufer has not alleged that Hotel developed, controls, maintains or influences the content of the websites she references in her complaint.

Accordingly, the Complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), or under Fed R. Civ. P. 12(b)(6) for failure to state a claim.

## II.      Factual Allegations.

According to the complaint, Laufer is wheelchair-bound and requires the accommodations prescribed by the ADA in order to access, and use, public facilities such as hotels.  *See* Dkt. No. 1, Complaint at ¶ 1 ("Complaint").  She is a "tester" who monitors public facilities, such as Hotel in this case, in order to ensure compliance with the ADA, including the requirement of 28 C.F.R. § 36.302(e)(1) that the facilities provide a reservation system that ensures disabled persons can assess whether the facility meets his or her accessibility and use needs, and thereafter secure a reservation.  *Id.* at ¶¶ 2, 6.

Although Laufer alleges that Hotel "either through itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system," the Complaint identifies five commonly known websites maintained by online travel companies, namely:  booking.com; priceline.com; agoda.com; hotels.com; and expedia.com.  *Id.* at ¶ 9 (referred to hereafter as "the Websites").  The Complaint is silent as to the role that the Hotel plays in the preparation or publication of any of the content on the Websites, or the role that Choice Hotels, the hotel chain of which the Hotel is a member, plays, if any, in the development and publication of the content of the cited websites.

From June 20-24, 2020, Laufer visited the websites to assess Hotel's compliance with section 36.302(e).  For each of the websites, she determined that Hotel "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding

accessability (sic) at the hotel." *Id.* at ¶ 10. Although the Complaint alleges that, as a result, "Plaintiff was deprived (sic) the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public…" there are no allegations of how Laufer was so deprived.

The Complaint alleges further that "[i]n the near future, Plaintiff intends to revisit Defendant's online reservation system in order to test it for compliance with Section 36.302(e)." *Id.* at ¶ 11.  The Complaint does not allege that she intends to visit Hotel, or if she ever intended to visit Hotel in the past.

As of the date of the filing of the complaint, "[t]he subject websites" remain noncompliant," *id.* at ¶ 12, causing Plaintiff the litany of harms and humiliations described in general fashion in paragraphs 13-15.  *Id.* at ¶¶ 13-15.  For relief, Laufer seeks a declaration of rights, compensatory damages, attorneys fees and an injunction.  *Id.* at pg. 9.

For the reasons that follow, the Complaint should be dismissed for lack of jurisdiction as a result of the absence of Article III standing, or failure to state a claim upon which relief can be based.

### III.    Argument

The Plaintiff lacks standing because she has not suffered a cognizable injury in fact.  She therefore lacks the Article III standing needed to support the Court's subject matter jurisdiction under Rule 12(b)(1). Furthermore, the Complaint simply assumes in conclusory fashion that the Websites maintained by third party online travel companies comprise "Defendant's reservation system," equate to "Defendant's website."  These general conclusory allegations fail to satisfy the specificity requirements of *Ashcroft v. Iqbal,* 556 U.S. 662 (2008), and *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544 (2007).  The Complaint should therefore be dismissed for failure to state a claim under Rule 12(b)(6).

### A.  The Plaintiff Lacks Standing

Under Rule 12(b)(1), the Plaintiff has the burden of establishing the court's subject matter jurisdiction over a claim.   "'The party invoking jurisdiction bears the burden of establishing' that he or she has standing." *Spokeo, Inc. v. Robins*, __U.S.__, 136 S. Ct. 1540, 1547 (2016).  And because injury-in-fact is a constitutional requirement, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48. Thus, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. A violation of a statute "divorced from any concrete harm" is not sufficient to allege an injury-in-fact sufficient to meet Article III standing requirements.  *Id.*

For a plaintiff to have Article III standing, she must allege and prove injury in fact (i) that is "concrete and particularized," not "conjectural or hypothetical," (ii) that is fairly traceable to defendant's conduct, and (iii) that will likely prove redressable via a favorable ruling from the court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Laufer contends that Hotel has injured her by denying her the information that she would need to independently determine if Hotel can meet her accessibility needs, thus disadvantaging her compared to people without disabilities who can determine whether they can stay at the Hotel by looking at the Websites.  Although such intangible injury can be concrete for standing purposes, it would only be so if she in fact intended to visit the Hotel, something that she does not plead, and in fact implies precisely the opposite.  This was the basis for the New Jersey District Court's dismissal

of an identical claim in *Hernandez v. Caesars License Co., LLC*, 2019 U.S. Dist. LEXIS 172456\*
(D.N.J., Oct. 4, 2019) (dismissing complaint for lack of standing, and finding that plaintiff's sole
goal was to determine defendant's website compliance with the ADA and nothing impeded that
quest).

This reasoning is directly analogous to the Fourth Circuit's opinion in *Griffin v. Dep't of
Labor Fed. Credit Union,* 912 F.3d 649 (4th Cir. 2019), affirming the dismissal of a complaint filed
by a blind plaintiff who complained that the defendant Credit Union's website failed to inform him
of the products and services available from the Credit Union.  Assuming that fact to be true, the
court concluded that plaintiff lacked standing because he would never qualify to be a member of the
Credit Union and therefore could not use the products and services, he was unable to find out about
on the website.  Hence, his injury was not "direct" or "concrete".  Laufer suffers from the same
deficiency here inasmuch as she has not plead that she ever intended in the past, or intends in the
future, to stay in the defendant Hotel.

In conclusion, Hotel contends that an ADA tester does not suffer an injury in fact simply
because she is not able to find out from a third-party website all of the compliant or non-compliant
features of a hotel/facility that she never intends to visit.  *See Strojnik v. Kapalua Land Co.,* 2019
U.S. Dist. LEXIS 165525 \*18 (D. Hawaii, Aug. 26, 2019) (holding that "there is a critical
distinction 'between an inability to use a website to gain information about a physical location and
an inability to use a website that impedes access to enjoy a physical location,' the former being
insufficient to state a claim…."' citing supporting case law, and dismissing claim that website failed
to describe ADA features of facility). Because there is no injury in fact that has been suffered,
Plaintiff has no Article III standing and the complaint should be dismissed.

**B.  The Complaint Fails To Set Forth A Claim Upon Which Relief Can Be Granted.**

The Court is well aware of the standard of review of a motion to dismiss under Rule 12(b)(6), so Hotel will not belabor it here.  This motion is predicated upon the principles of *Ashcroft v. Iqbal,* 556 U.S. 662 (2008), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), which proscribe "naked assertion[s]" devoid of "further factual enhancement," and require that a complaint must "state a claim to relief that is plausible on its face." *Id*.  at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. If the complaint is implausible on its face, then it is subject to dismissal under Rule 12(b)(6).  *Id.*  The Laufer Complaint fails to meet this standard.

There is nothing in the Complaint that plausibly links the content of the Websites cited as those reviewed by the Plaintiff with the Hotel.  Although the Complaint blithely conflates the Websites with the Hotel by referring to them as "Defendant's reservation system" or "Defendant's website," the only *specific* identifiers pled are the websites themselves, all of which refer to travel companies that are publicly known and which have no discernible link to Hotel other than that someone (most likely Hotel's franchisor, Choice Hotels) purchased space on the sites.[1]

Other than the conclusory statement in paragraph 9 of the complaint that Hotel, a single franchise within the Choice Hotel system, "implemented, operated, controls or maintains" the

---

[1]      The hotel.com website identifies it as an "Expedia Group" company.  The "Expedia Group" self-identifies as "the world's largest travel platform." *See* https://www.expediagroup.com/expedia-brands/.  The Expedia Group is a publicly traded company on the NASDAQ at EXPE. Booking.com is a Dutch "digital travel company[y]." It and Agoda.com are subsidiaries Bookings Holdings, Inc., also a publicly traded company trading on the NASDAQ.  *See* https://ir.bookingholdings.com/investor-relations.

Websites which the public record indicates are owned by large international travel agencies, or their subsidiaries, there is no specific allegation that identifies, whether on information or belief or otherwise, just what role Hotel played in placing the content of these websites, if it played any role at all.  As the Court in *Strojnik v. Kapalua Land Co., supra,* noted when an ADA plaintiff sought to sue a defendant whose premises was advertised on the hotels.com website and allegedly suffered the same deficiencies as plead by Laufer: "nothing in Plaintiff's Complaint…allow(s) this Court to draw the reasonable inference that Outrigger is the entity responsible for the website's alleged ADA violations.  Instead, it appears that Hotels.com, L.P., a third-party lodging service is the entity responsible for the website." *Id.* at *9.  In *Strojnik v. Orangewood, LLC.,* the Court held that a hotel franchise could not be liable as a matter of law under section 36.302(e) for the content of third-party websites "unless it failed to 'make available such rooms and [accessibility] information to [the] third party reservation provider." 2020 U.S. Dist. LEXIS 11743 *14 (C.D. Cal., Jan. 22, 2020) (quoting and following the 2010 DOJ ADAAG Guidance at 28 C.F.R. § Pt. 36, App. A, and dismissing plaintiff's ADA complaint for failure to satisfy *Twombly*). [2]  And in *Harty v. Nyack Motor Hotel, Inc.*, 2020 U.S. Dist. LEXIS 40429 * 6, n. 3 (S.D.N.Y., March 9, 2020) the Court noted the "fundamental problem" of seeking to hold an individual hotel liable for any alleged ADA deficiencies attributable to such third-party booking websites such as hotel.com, booking.com and priceline.com.  This Complaint suffers from the same fundamental problem.

Accordingly, the Complaint fails to state a cause of action for which relief can be granted and should be dismissed under Rule 12(b)(6).

---

[2]     The DOJ Guidance also recognizes that a reservations system is not an accessibility survey and that a hotel need not list all of its compliance or non-compliance.  *Strojnik v. Orangewood, supra,* at *17

7

## IV.     Conclusion

For the reasons stated above, the complaint should be dismissed, with prejudice, without leave to replead.

Respectfully submitted,

Dated:   August 7, 2020                          **OFFIT KURMAN, P.A.**

By:   /s/ *Veronica K. Yu*
VERONICA K. YU, Bar # 10024
300 Lombard Street, Suite 2010
Baltimore, Maryland 21202
Telephone:  (410) 209-6402
Facsimile:  (410) 209-6435
vyu@offitkurman.com

*Of Counsel:*

DON P. FOSTER, ESQUIRE
PA Identification No.: 25809
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA  19103
Telephone: (267) 338-1357
Facsimile: (267) 338-1335
E-mail: dfoster@offitkurman.com